Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MUND & FESTER GMBH & CO.KG a/s/o
BAUZA EXPORT LTDA.,

      Plaintiff,

  - against -

M/V CAP ORTEGAL, her engines, boilers, tackle,
furniture, apparel, etc. *in rem*; DANMAR LINES
LTD., DHL GLOBAL FORWARDING, DANZAS
CORPORATION and COMPANIA CHILENA DE
NAVEGACION INTEROCEANICA, S.A. *in
personam*,

      Defendants.
------------------------------------------------------------X

08 CIV 4574

2008 Civ.

**COMPLAINT**

  Plaintiff, MUND & FESTER GMBH & CO.KG a/s/o BAUZA EXPORT LTDA. (hereinafter "M&F" or "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Complaint against the M/V CAP ORTEGAL, her engines, boilers, tackle, furniture, apparel, etc., *in rem*, and DANMAR LINES LTD., DHL GLOBAL FORWARDING, DANZAS CORPORATION, and COMPANIA CHILENA DE NAVEGACION INTEROCEANICA, S.A. *in personam*, alleges upon information and belief as follows:

**PARTIES**

  1. At all material times, M&F was and is a foreign corporation with an office and place of business located at Trostbrucke 4 20457 Hamburg, Germany and is the subrogated

underwriter of two consignments of grapes laden on board the M/V CAP ORTEGAL, as more specifically described below.

2. At all material times, BAUZA EXPORT LTDA., (hereinafter "BEL") is a foreign corporation with a place of business located at Av. El Golf 99, Of. 601, Las Condes, Santiago, Chile and was the owner and/or shipper of two consignments of grapes laden on board the M/V CAP ORTEGAL, as more fully described below.

3. At all material times, defendant, DANMAR LINES LTD. (hereinafter "Danmar") was and is a foreign corporation with an office and place of business located at 33 Washington Street 16th Floor, Newark, New Jersey 07102 and at all relevant times was and is doing business in the jurisdiction of this Honorable Court as a non-vessel owning common carrier (nvocc).

4. At all material times, defendant, DHL GLOBAL FORWARDING (hereinafter "DHL") was and is a corporation with an office and place of business located at 535 Connecticut Avenue, Norwalk, Connecticut 06854 and at all relevant times was and is doing business within the jurisdiction of this Honorable Court as a non-vessel owning common carrier (nvocc).

5. At all material times, defendant, DANZAS CORPORATION, was and is a corporation with an office and place of business located at 855 South 192nd Seattle, Washington 98148 and at all relevant times was and is doing business within the jurisdiction of this Honorable Court acting as a non-vessel owning common carrier (nvocc).

6. At all material times, defendant, COMPANIA CHILENA DE NAVEGACION INTEROCEANICA, S.A. (hereinafter "CCNI"), was and is a foreign corporation with a place of business located at c/o Norton Lilly International, One St. Louis Centre, Ste. 3002, Mobile, Alabama 36602, and owns, operates, manages and/or charters ships, including the M/V CAP ORTEGAL, that operate between various foreign and domestic ports and, in particular, within

this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V CAP ORTEGAL, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

7.  At all material times, the M/V CAP ORTEGAL (hereinafter "vessel") was and is a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

## JURISDICTION

8.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

9.  On or about January 27, 2007, two consignments, each consisting of 2,160 cases of fresh grapes laden in container CNIU2200223 and container CRLU5160790, then being in good order and condition, were delivered to the M/V CAP ORTEGAL and the *in personam* defendants and/or their agents in San Antonio, Chile, for transportation to New York, New York, U.S.A. in consideration of an agreed upon freight, pursuant to Danmar bill of lading number SAI001376 dated January 27, 2007.

10. Thereafter, the aforementioned consignments were loaded aboard the M/V CAP ORTEGAL, Danmar bill of lading number SAI001376 was issued, and the vessel sailed for the intended port of destination.

11. On or about February 16, 2007 the consignment arrived at the port of New York.

12. Following discharge, it was discovered that the consignments were not in the same good order and condition as when received by the defendants, but instead, had sustained damages during transit.

13. Upon inspection, it was determined that the damages sustained to the grapes were the result of exposure to elevated temperature during transit.

14. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unseaworthiness and bailment on the part of the defendants.

15. At all times relevant hereto, a contract of insurance for property damage was in effect between BEL and M&F, which provided coverage for, among other things, loss or damage to the consignments.

16. Pursuant to the aforementioned contract of insurance between BEL and M&F, monies have been expended on behalf of BEL to the detriment of M&F due to the damages sustained during transit.

17. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

18. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

19. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

20. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $44,165.64.

21. Plaintiff has a maritime lien against the M/V CAP ORTEGAL for the damages referred to herein and will enforce that lien in these proceedings.

22. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the M/V CAP ORTEGAL, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $44,165.64 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V CAP ORTEGAL, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

4. The Court order, adjudge and decree that defendants DANMAR LINES LTD., DHL GLOBAL FORWARDING, DANZAS CORPORATION, COMPANIA CHILENA DE NAVEGACION INTEROCEANICA, S.A and the M/V CAP ORTEGAL be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      May 16, 2008
      260-71

                        CASEY & BARNETT, LLC
                        Attorneys for Plaintiff

By: _____
                        Gregory G. Barnett (GGB-3751)
                        317 Madison Avenue, 21st Floor
                        New York, New York 10017
                        (212) 286-0225