**DUANE MORRIS LLP**
a Delaware Limited Liability Partnership
By:     James W. Carbin (JC-5004)
        Alissa M. Ryder (AR-7405)
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorneys for Defendants Danmar Lines Ltd,
DHL Global Forwarding and Danzas Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUND & FESTER GMBH & CO.KG a/s/o BAUZA EXPORT LTDA., <br><br> Plaintiffs, <br><br> -against- <br><br> M/V CAP ORTEGAL, her engines, boilers, tackle, furniture, apparel, etc. *in rem*; DANMAR LINES LTD., DHL GLOBAL FORWARDING, DANZAS CORPORATION and COMPANIA CHILENA DE NAVEGACION INTEROCEANICA, S.A. *in personam*. <br><br> Defendants. | Civil Action No. 08 CV 4574 (MGC) <br><br> **ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS OF DEFENDANTS DANMAR LINES LTD., DHL GLOBAL FORWARDING, & DANZAS CORPORATION** |

Defendant DANZAS CORPORATION d/b/a DANMAR LINES, LTD. ("Danmar"), improperly pled as "Danmar Lines, Ltd." and "Danzas Corporation", and Defendant DHL GLOBAL FORWARDING ("DHL") (collectively referred to as "Defendants") by and through their attorneys, Duane Morris LLP, respond to Complaint (the "Complaint") filed by MUND & FESTER GMBH & CO.KG a/s/o BAUZA EXPORT LTDA) ("Plaintiffs") upon information and belief as follows:

## **PARTIES**

1. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 1 of the Complaint.

2. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 2 of the Complaint.

3. Defendants admit that Danzas Corporation d/b/a Danmar Lines has an office and/or place of business in Newark, New Jersey. Except as so expressly admitted, the balance of the allegations contained in paragraph 3 of the Complaint are conclusions of law to which no response is required.

4. DHL admits it has a place of business in Connecticut. DHL denies it is a corporation and answers that it is a registered trade name. Except as so expressly admitted, the balance of the allegations contained in paragraph 4 of the Complaint are conclusions of law to which no response is required.

5. Defendants admit only that Danzas Corporation d/b/a Danmar Lines has an office and/or place of business in Seattle, Washington. Except as so expressly admitted, the balance of the allegations contained in paragraph 5 of the Complaint are conclusions of law to which no response is required.

6. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 6 of the Complaint.

7. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 7 of the Complaint.

## JURISDICTION

8.  The allegations contained in paragraph 8 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny that jurisdiction and venue is proper as the governing bill of lading provides that any dispute be governed by the law of Switzerland and any claim determined by the courts of Basel- Stadt, Switzerland.

## FACTS

9.  Defendants admit that bill of lading number SAI003176 dated January 27, 2007, was issued, which bill of lading speaks for itself.  Except so admitted, Defendants deny knowledge or information sufficient to admit or deny the balance of the allegations set forth in paragraph 9 of the Complaint.

10.  Defendants admit that  bill of lading number SAI003176 dated January 27, 2007, was issued, which bill of lading speaks for itself.  Except so admitted, Defendants deny knowledge or information sufficient to admit or deny the balance of the allegations set forth in paragraph 10 of the Complaint.

11.   Defendants deny knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11 of the Complaint.

12.  Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 12 of the Complaint.

13.  Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 13 of the Complaint, and therefore deny same.

14. Defendants deny the allegations made in paragraph 14 of the Complaint as they pertain to Defendants. As to the remaining allegations, Defendants deny knowledge or information sufficient to either admit or deny.

15. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 17 of the Complaint.

18. Danmar denies knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny that Plaintiff has suffered damages.

21. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations of Plaintiff's prayer.

**WHEREFORE,** Defendants request judgment dismissing the Complaint with prejudice, an award of costs of suit and attorney fees, and for such other relief as the Court deems just.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action in the Complaint upon which relief can be granted as against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations and/or the doctrine of laches, or other applicable time limitation and the Complaint should be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs are not the real party in interest and/or the proper party to assert this claim.

**FOURTH AFFIRMATIVE DEFENSE**

The shipment described in the Complaint was subject to the terms, conditions, exceptions and limitations of certain bills of lading, charter parties, dock receipts, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee, holder and/or subrogee thereof agreed to be and are bound.  The shipment and the claim thereof are subject to the terms, conditions, limitations and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq.* or controlling law.  If any loss, damage or shortage resulted to the shipment described in the Complaint, which is denied, it was due to a cause or causes for which Defendants were not liable by virtue of such controlling law.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiffs suffered any loss or damage as alleged in the Complaint, which is denied, that loss or damage occurred during a period of time when the goods were not under the care, custody or control of Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs failed to mitigate their damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Any loss or damage to the shipment as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and was not caused or contributed to by Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, are subject to limitation by virtue of the governing bills of lading, tariff, contract of carriage or otherwise.

**NINTH AFFIRMATIVE DEFENSE**

If any shortage and/or damage and/or loss was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage and/or loss was caused by or contributed to by the Plaintiffs or others acting on Plaintiffs' behalf.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs have failed to join one or more indispensable parties to the suit.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, are subject to limitation by COGSA or other applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to give written notice of loss or damage as and when required pursuant to COGSA and/or the terms of the bill of lading contract of carnage.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to all defenses in the applicable contract.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Lack of personal jurisdiction.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Forum Non Conveniens.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Venue for this action is improper and the action should accordingly be dismissed or transferred to the courts of Basel- Stadt, Switzerland.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any liability for damages found due by Defendants are limited by contract, waybill, bill of lading, tariff, receipt, applicable law, its standard terms and conditions or other document.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and properly at all time and in accordance with the accepted practices of the industry.

### NINETEENTH AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiffs are the result of an act of God for which Defendants are not liable.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused and brought about by intervening and superseding causes and were not caused by Defendants or by a person for whom Defendants are responsible.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Force Majeure.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The contract of carriage was governed, controlled and subject to the terms and provisions of Danmar's contract of carriage, tariffs and/or COGSA or its applicable equivalent.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to the applicable provisions of Danmar's contract of carriage, tariffs and/or COGSA or its applicable equivalent, Defendants have no liability to Plaintiffs or to any other person under the contract of carriage for any loss, damage or delay.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to the applicable provisions of Danmar's contract of carriage, tariffs and/or COGSA or its applicable equivalent, Defendants have no liability to Plaintiffs or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault or Plaintiffs, their agents, servants and/or employees.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this pleading to reflect additional affirmative defenses as may be revealed though discovery and further pleadings.

## CROSS-CLAIM AGAINST M/V CAP ORTEGAL, HER ENGINES, BOILERS, TACKLE, FURNITURE, APPAREL, ETC. *IN REM* AND COMPANIA CHILENA DE NAVEGACION INTEROCEANICA, S.A. *IN PERSONAM*.

Defendants, by and through their attorneys, Duane Morris LLP, hereby submit the following Cross-Claims, upon information and belief, as follows.

1. Defendants repeat and reallege each and every paragraph contained herein, including the denial, denial of knowledge or information, and affirmative defense contained in this Answer and Affirmative Defenses and Cross-Claims as if fully set forth herein.

2. Defendants assert the Cross-Claims without prejudice to or waiver of any defenses that may be available to it.

3. If the Cargo damage/loss alleged in Plaintiff's Complaint is proven as such, it was caused by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty of M/V CAP ORTEGAL, her engines, boilers, tackle, furniture, apparel, etc. *in rem* and COMPANIA CHILENA DE NAVEGACION INTEROCEANICA, S.A. *in personam*.

4.	While denying any liability for damages to the Plaintiff, if Defendants should be adjudged liable to the Plaintiff for the allegations made in Plaintiff's Complaint, then Defendants assert that it shall be entitled to indemnity and/or contribution from M/V CAP ORTEGAL, her engines, boilers, tackle, furniture, apparel, etc. *in rem* and COMPANIA CHILENA DE NAVEGACION INTEROCEANICA, S.A. *in personam.* including recovery of the attorney's fees and costs incurred by DHL in defending against Plaintiff's claims.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint with prejudice and with the award of costs and attorneys' fees and, judgment in favor of Defendants on the cross-claims with costs and attorneys' fees, and for such other relief as the Court deems proper.

Dated:   July 15, 2008

                                                Respectfully submitted,

                                                _/s/ James W. Carbin, Esq._
                                                James W. Carbin (JC-5004)
                                                **DUANE MORRIS LLP**
                                                A Delaware Limited Liability Partnership
                                                744 Broad Street, Suite 1200
                                                Newark, NJ 07102
                                                973.424.2000
                                                Attorneys for Defendant
                                                Danmar Lines, Ltd, DHL Global
                                                Forwarding and Danzas Corporation

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendants DANMAR LINES LTD., DHL GLOBAL FORWARDING and DANZAS CORPORATION certifies that on July 15, 2008 a true and correct copy of DANMAR LINES LTD., DHL GLOBAL FORWARDING and DANZAS CORPORATION's ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS  was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record, and that a true and correct copy also was served by regular mail to the following address:

>Gregory G. Barnett, Esq.
>Casey & Barnett, LLC
>317 Madison Ave., 21st Floor
>New York, NY  10017

Dated:  July 15, 2008

>/s/ Alissa M. Ryder
>Alissa M. Ryder