LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
COMPANIA CHILENA DE NAVEGACION
INTEROCEANICA S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MUND & FESTER GMBH & CO. KG a/s/o             ECF CASE
BAUZA EXPORT LTDA,

                        Plaintiff,            08 Civ. 4574 (MGC)

     - against -

M/V CAP ORTEGAL, her engines, boilers, tackle,     **ANSWER TO**
furniture, apparel, etc. *in rem*; DANMAR LINES    **COMPLAINT**
LTD., DHL GLOBAL FORWARDING, DANZAS
CORPORATION and COMPANIA CHILENA DE
NAVEGACION INTEROCEANICA, S.A. *in
personam*,

                       Defendants.
------------------------------------------------------------------x

     Defendant COMPANIA CHILENA DE NAVEGACION INTEROCEANICA S.A. ("CCNI"), by its attorneys, Lyons & Flood, LLP, answering plaintiff's Complaint, alleges upon information and belief as follows:

     1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

     2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

     3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Admits that CCNI is a foreign corporation doing business within this Court's jurisdiction and was the charterer of the M/V CAP ORTEGAL, but except as so specifically admitted denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Admits that the M/V CAP ORTEGAL is an ocean-going vessel engaged in the common carriage of cargoes on the high seas, but except as so specifically admitted, denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

9. Admits that two containers said to contain 2,160 cases of grapes were delivered to the M/V CAP ORTEGAL for transport from Chile to New York, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint.

10. Admits that the subject containers were loaded aboard the M/V CAP ORTEGAL and that the vessel then sailed for the intended port of destination, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state a cause of action upon which relief can be granted against answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

24. The Plaintiff is not the real party in interest and is not entitled to maintain this action.

### THIRD AFFIRMATIVE DEFENSE

25. The action is time barred pursuant to the applicable statute of limitation.

### FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff lacks standing to assert this claim.

### FIFTH AFFIRMATIVE DEFENSE

27. Any loss or damage to the goods, as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and/or from inherent defect, quality or vice of the goods, or insufficiency of packing or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third-parties and not by CCNI.

### SIXTH AFFIRMATIVE DEFENSE

28. The cargo which is the subject of this suit was carried pursuant to the terms and conditions of certain bills of lading and applicable tariffs by which the shipper, owner and consignee agreed to be bound, and was also subject to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA"), and/or the Harter Act, 46 U.S.C. § 190, et seq. and/or any other federal, state, or foreign laws and CCNI claims the benefits of all rights, immunities, exonerations, and limitations contained therein, including all of the terms contained in the applicable bills of lading.

### SEVENTH AFFIRMATIVE DEFENSE

29. The nature and valuation of the goods were not declared by the shipper before the shipment and inserted in the bill of lading. If Plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per package or customary freight unit, in accordance with the governing tariff and bill of lading, and as set forth in COGSA and/or the Harter Act.

**EIGHTH AFFIRMATIVE DEFENSE**

30.     Due diligence was exercised on behalf of the carrier to make the vessel and its appurtenances seaworthy, and to make the holds and all other parts of the ship in which the goods were carried fit and safe for the reception, carriage and preservation of such shipments. Any loss or injury or damage alleged to have been suffered by the shipment was due to neglect, an act or omission, breach of express or implied warranties, breach of bailment or breach of contract on the part of the Plaintiff, shipper, their agents or employees, or due to a cause or causes for which CCNI is not liable or responsible by virtue of the provisions of COGSA, the Harter Act, or provisions of the applicable bills of lading or tariff or other applicable provisions of contracts of carriage or of law.

**NINTH AFFIRMATIVE DEFENSE**

31.     If any loss or damage was sustained by the shipment referred to in the Complaint, which is denied, such loss or damage was caused by or contributed to by the Plaintiff or third-parties, and not by CCNI.

**TENTH AFFIRMATIVE DEFENSE**

32.     Plaintiff has failed to properly and fully mitigate its damages.


WHEREFORE, defendant COMPANIA CHILENA DE NAVEGACION INTEROCEANICA S.A.., requests judgment dismissing the Complaint, and awarding it costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
       August 22, 2008

                LYONS & FLOOD, LLP
                Attorneys for Defendant
                COMPANIA CHILENA DE NAVEGACION
                INTEROCEANICA S.A.

By: _____
                Edward P. Flood (EPF-5797)
                Lyons & Flood, LLP
                65 W 36th Street, 7th Floor
                New York, New York 10018
                (212) 594-2400


TO:    Martin F. Casey
        Casey & Barnett, LLC
        317 Madison Avenue, 21st Floor
        New York, New York 10017

        James W. Carbin
        Duane Morris LLP
        744 Broad Street, Suite 1200
        Newark, New Jersey 07102


U:\FLOODDOC\2541008\Pleadings\Answer.doc

## CERTIFICATE OF SERVICE

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for COMPANIA CHILENA DE NAVEGACION INTEROCEANICA S.A., with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On August 22, 2008, I served true copies of the Answer to Complaint upon:

Martin F. Casey
Casey & Barnett, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017

James W. Carbin
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: August 22, 2008

_____
Erika Tax

U:\FLOODDOC\2541008\Pleadings\Answer.doc